WHITEHEAD v. N. Y. AND ALASKA MIN. CO.

(Second Division.  Nome.  October 7, 1901.)

No. 682.

1. ATTACHMENT—AFFIDAVIT.
    Where the plaintiff believed that certain machinery belonged to the defendant and was included in a bill of sale to secure a note, when in fact it belonged to another and was not covered, *held* not sufficient to sustain an attachment upon the ground that the security had been impaired or rendered nugatory by any act of the defendant.

· Motion to Dissolve Attachment.

R. N. Stevens, for plaintiff.
John L. McGinn, for defendant.

WICKERSHAM, District Judge.  On August 5th the defendant made its note to the plaintiff in the sum of $3,000, due in 30 days.  A suit was brought on September 21st to collect the note.  A writ of attachment was issued out of this court, and certain property of the defendant attached. The defendant now enters a special appearance, and moves to dissolve the attachment because the affidavit of attachment does not disclose sufficient facts upon which to sustain the writ.  It appears from the affidavit that, at the time the note was made, a bill of sale was made by the defendant to the plaintiff of certain property, to secure the payment of the note.  The plaintiff afterwards discovered that certain machinery supposed to belong to the defendant, and to be included in the bill of sale, was not so included and did not belong to the defendant.  There is nothing in the record disclosing that the security taken by the plaintiff was rendered nugatory by any act of the defendant.  He should have seen to it that the bill of sale included the property in question.

The fact that it did not include it would not sustain an attachment under section 136 of the Code of Civil Procedure (Act June 6, 1900, c. 786, 31 Stat. 354).

The writ of attachment will be dissolved, and the property discharged.